Buitrago, Demandante y Apelante, v. Gilot, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre reclamación de bienes.

No. 1824.—Resuelto en mayo 5, 1919.

Contribuciones—Pago de Contribuciones—Usufructo—Usufructuario—Nuda Propiedad.—En el caso de que la nuda propiedad de una finca corresponda a una persona y el usufructo a otra, es el usufructuario el que debe pagar las contribuciones anuales que se impongan sobre dicha finca.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. José Tous Soto.*
Abogado del apelado: *Sr. R. Martínez Nadal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Alega la demandante en su demanda que como heredera usufructuaria de D. Carlos Gilot entró en 1907 en la posesión de dos fincas rústicas habiendo satisfecho en pago de las contribuciones impuestas sobre dichas fincas la suma de $1,692.27, y que el demandado, dueño de la mitad de la nuda propiedad de las repetidas dos fincas, no ha reintegrado a la demandante la mitad de dicha suma a pesar de habérsela reclamado varias veces. La demandante pide a la corte que declare que el demandado le adeuda $846.13 que deberá satisfacer a ésta o a sus herederos al finalizar el usufructo, constituyendo tal deuda un gravamen preferente sobre las fincas usufructuadas.

La acción de la demandante, a solicitud del demandado, fué desestimada por la corte y la demandante entonces apeló para ante este tribunal, señalando como único error la aplicación indebida del artículo 504 del Código Civil Revisado "toda vez que las contribuciones satisfechas por la actora fueron impuestas sobre el capital y correspondía su pago al propietario."

El Código Civil Revisado, al igual que el Código Civil antiguo, dedica todo el Capítulo I del Título VI, del libro

segundo, al usufructo, o sea al derecho de disfrutar de una cosa cuya propiedad es ajena, percibiendo todos los productos, utilidades y ventajas que aquélla produzca, con la obligación de conservar su forma y sustancia, a no ser que el título de su constitución o la ley autoricen otra cosa. Artículo 469 del Código Civil.

Dispone el legislador que los derechos y obligaciones del usufructuario serán los que determine el título constitutivo del usufructo y que en su defecto o por insuficiencia de dicho título, se observarán las disposiciones contenidas en los artículo 471 al 521 del Código Civil.

La demandante, según dejamos expuesto, entró en la posesión de las fincas de que se trata a título de heredera usufructuaria de D. Carlos Gilot. No se alegan condiciones especiales y en tal virtud el usufructo debe regularse de acuerdo con las fijadas para tales casos por el propio legislador.

Es, pues, el problema concreto a resolver en este pleito el de determinar, de acuerdo con la ley, si corresponde al usufructuario satisfacer las contribuciones impuestas sobre el valor de los bienes usufructuados (artículos 285 y siguientes del Código Político), o si tales contribuciones deben ser pagadas por el dueño de la nuda propiedad.

El artículo 503 del Código Civil Revisado, igual al 504 del antiguo, dispone que "el pago de las cargas y contribuciones anuales y el de las que se consideran gravámenes de los frutos, será de cuenta del usufructuario todo el tiempo que el usufructo dure."

La sección 1 de la ley de 12 de marzo de 1908 que derogó el artículo 285 del Código Político y tomó su lugar, y por virtud de la cual se cobra la contribución de que se trata en este caso, comienza así: "Que para el año económico que empieza en primero de julio de 1908 y termina en 30 de junio de 1909, y para cada subsiguiente año económico, * * * ." Y siendo ello así, la solución del problema es clara: Se trata de una contribución anual y debe, por tanto, por mandato de la ley, satisfacerla el usufructuario.

Pero el artículo 503 no es el solo precepto que contiene el Código sobre la materia. Existe además el artículo 504, igual al 505 del código antiguo, que dice: "Las contribuciones que durante el usufructo se impongan directamente sobre el capital, serán de cargo del propietario. Si éste las hubiese satisfecho deberá el usufructuario abonarle los intereses correspondientes a las sumas que en dicho concepto hubiere pagado, y si las anticipare el usufructuario, deberá recibir su importe al fin del usufructo." Y sostiene la demandante y apelante que tratándose de una contribución impuesta sobre el capital, habiéndola ella anticipado, debe reconocérsele su derecho a recibir su importe al fin del usufructo y condenarse al demandado a constituir hipoteca sobre sus condominios en garantía de la deuda.

Como hemos dicho, los preceptos del Código Civil Revisado son iguales a los del Código Civil antiguo. No se nos ha citado por las partes, ni hemos podido encontrar nosotros, jurisprudencia del Tribunal Supremo de España interpretando dichos preceptos de ley. Manresa, en sus Comentarios al Código Civil, tomo 4, pág. 479, tercera edición, dice: "Las contribuciones impuestas directamente sobre el capital son de cargo del propietario. La verdad es que, rechazada por los economistas la contribución sobre el capital, y considerada como base más racional de imposición la renta líquida, pocas y de naturaleza excepcional son las contribuciones cuyo pago compete al propietario. Fuera de ciertos impuestos de carácter personal, por títulos, sueldos, etc., que naturalmente quedan excluídos del espíritu de estos artículos, sólo encontramos que pueda entenderse que afectan al capital ciertos impuestos extraordinarios por empréstito forzoso, causa de guerra, etc." Y Scaevola, también en sus Comentarios al Código Civil, tomo 9, página 277, se expresa así: "De lo expuesto se deduce, presentes también las mismas consideraciones aducidas, que las contribuciones que se impongan (durante el usufructo, claro es), directamente sobre el capital o la propiedad, han de ser de cargo del propietario,

aunque como éste tiene la plena propiedad ni, por tanto, la
disfruta libremente, sino con la restricción del gravamen usu-
fructuario, ha de percibir los intereses correspondientes a
las sumas que en dicho concepto hubiere pagado. Ejemplo
de contribuciones impuestas sobre la propiedad es un impues-
to extraordinario de guerra, un empréstito forzoso, los anti-
guamente llamados censos por cabezas, es decir, todos aque-
llos gravámenes que se establecen en consideración a la per-
sona y a la propiedad, en cuanto en esta no se atiende a
las utilidades que puede producir."

Ambos autores, desde luego, al comentar antes el artículo
504, ponen de relieve la justicia de que sea el usufructua-
rio el que pague las contribuciones anuales que, como es sa-
bido, se imponían basándose en la renta que los bienes gra-
vados producían. "Es natural, como ya se decía en el De-
recho Romano", expresa Scaevola, tomo 9, página 275 de la
citada obra, "que si el usufructuario percibe las utilidades
y comodidades de la casa usufructuada, resista también las
molestias y gravámenes que a aquélla afecten, en tanto dure
el usufructo, pues que tal deber se impone en consideración
a la expresada circunstancia y mientras ésta se dé en la per-
sona que ha de cumplir aquél;   *   *   *   "

Examinando, pues, en sus propios términos, el artículo
504 del Código Civil Revisado, la solución del problema re-
sulta igualmente clara en el sentido de que es al usufructua-
rio al que corresponde pagar la contribución anual de que se
trata. Pero existen otros preceptos legales a considerar. Ha
habido un cambio de sistema en la imposición de las con-
tribuciones en Puerto Rico, y es en ese cambio en que basa
toda la fuerza de su argumentación el apelante. Este sos-
tiene que a partir del 1 de julio de 1901 las contribuciones
impuestas sobre los bienes en Puerto Rico son contribuciones
sobre el capital y no sobre los frutos y productos. Y que
siendo ello así, el alcance de la palabra "capital" usada en
el artículo 504, no es el fijado por los comentaristas españoles.

No estamos conformes con el apelante. Es cierto que hubo

el cambio de sistema.  Es cierto que la contribución se impone ahora sobre el *valor* de la cosa.  Pero ¿cuál es ese valor?  ¿El de la nuda propiedad?  ¿El del usufructo?  La ley no distingue.  La ley tiene en cuenta el valor de la cosa en sí misma y es la cosa la que queda directamente gravada para satisfacer la contribución.

¿Cómo se calcula el valor de la cosa?  Es indudable que uno de los elementos para el cálculo ha sido siempre y continúa siendo lo que produce o puede producir la cosa.  No vale lo mismo una hectárea de terreno en el llano que una hectárea de tierra en la montaña.  El alza del valor en venta de los productos, determina generalmente un alza en el valor en venta de las tierras que los producen, y es el valor en venta de las tierras el que debe tenerse en cuenta para su tasación a los efectos de la imposición de las contribuciones.  Generalmente las tierras dedicadas, o que puedan dedicarse al cultivo de la caña, del tabaco, del café, en regiones similares, se tasan a un valor igual.  Claro es que no se tiene en cuenta si producen o no.  Pero no puede negarse que el producto efectivo en determinado o determinados casos concretos debió servir sin duda como un elemento para calcular la capacidad productiva en los demás casos.

Se dirá que el Código Político habla repetidamente del dueño de la propiedad y que debe considerarse como dueño en un caso como el presente al nudo propietario y no al usufructuario.  Agregaremos que el Código Civil llama propietario al dueño de la nuda propiedad y que, por tanto, no existiendo una regla especial en el Código Político para casos de esta naturaleza, los procedimientos para la imposición y el cobro de las contribuciones deben entenderse con el dueño de la nuda propiedad.  Pero esto no quiere decir que al fijar las relaciones privadas existentes entre el nudo propietario y el usufructuario, esta circunstancia influya de tal manera que haga variar la interpretación que por tantos años se dió a la palabra *capital* usada en el artículo 504.

A nuestro juicio al dejar subsistente el legislador, portorriqueño en 1902 el precepto contenido en el artículo 505 del antiguo código, transcribiéndolo en el 504 del revisado, dió a la palabra *capital* el mismo significado restrictivo que tenía y no fué nunca su intención variar la regla existente entre el nudo propietario y el usufructuario, a los efectos del pago de las contribuciones. Hoy como ayer las contribuciones anuales, tómese como base para calcularlas bien el valor de los productos de la cosa, ya el valor de la cosa en sí misma, debe satisfacerlas el usufructuario, y es justo que así sea, ya que como dice Falcón, citado por Scaevola en el tomo 9, página 87 de sus Comentarios, dicho usufructuario "tiene facultades activas y dominicales sobre los bienes que usufructúa, como que ejercita un derecho perteneciente al dueño, compartiendo con él el dominio de la cosa" y aprovechándose de todas sus utilidades.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf disintió.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO, SEÑOR WOLF.

La regla en Puerto Rico es que el dueño debe pagar las contribuciones, y, por tanto, cualquier excepción debe demostrarse claramente. Los frutos puede que no sean otra cosa que un derecho a entrar en el terreno del cual el usufructuario intenta valerse algún día. Estoy de acuerdo con el apelante en que las contribuciones sobre el terreno son contribuciones impuestas al capital y no a los frutos. El pago de contribuciones "anuales" a que se refiere el artículo 503, crea alguna confusión pero este artículo fué copiado de un sistema anterior. La intención principal, según expresa el artículo 504, debe prevalecer como alega la apelante, especialmente cuando se considera el completo sistema introducido por el Código Político.